UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALAYNARD D. JACKSON,

        Petitioner,

v.

        Civil No. 08-15023
        Honorable David M. Lawson

RAYMOND BOOKER,

        Respondent.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

The petitioner, Dalaynard D. Jackson, a state prisoner currently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising the denial of a speedy trial as his sole claim. The Court finds that the petitioner's claim is waived by his unconditional guilty plea. The Court, therefore, will deny the petition for writ of habeas corpus.

I.

The petitioner pleaded guilty to two counts of armed robbery, assault with intent to rob while armed, felon in possession of a firearm, and four counts of possession of a firearm during the commission of a felony (felony firearm) in the Macomb County, Michigan circuit court on November 1, 2006. He was sentenced to concurrent terms of 11 years, three months to 25 years imprisonment on the armed robbery and assault convictions, a concurrent prison term of one to five years on the felon in possession conviction, and a consecutive prison term of two years on the felony firearm conviction on December 6, 2006. The petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied. *See People v. Jackson*, No. 278935 (Mich. Ct. App. Aug. 1, 2007) (unpublished). The Michigan Supreme Court denied the petitioner's

subsequent application for leave to appeal. *See People v. Jackson*, 480 Mich. 991, 742 N.W.2d 126 (2007). The petitioner signed and dated his habeas petition on December 2, 2008. His sole claim concerns an alleged speedy trial violation. This claim was exhausted in the state courts.

II.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized summarily to dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

After undertaking the preliminary review required by Rule 4, the Court concludes that the petition must be denied. It is well established that an unconditional guilty plea constitutes a waiver of all pre-plea, non-jurisdictional constitutional deprivations. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir. 1981). This waiver extends to alleged speedy trial violations. *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (petitioner waived speedy trial claim with his unconditional *nolo contendere* plea because the right to a speedy trial is not a jurisdictional issue); *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 747

(E.D. Mich. 2005); *see also United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991) (defendant's failure to enter conditional guilty plea prevented him from raising speedy trial and due process challenges on direct appeal of his convictions). In his pleadings, the petitioner does not claim that he entered a conditional guilty plea; instead he indicates that his plea was unconditional. *See* Brief in Support of Petition, pp. 7-9. Consequently, he has waived his speedy trial claim as a matter of well-settled federal law. His arguments to the contrary are without merit. The petition therefore must be denied.

### III.

Because the petitioner waived in state court the only claim he raises in his petition, the Court concludes that the petitioner is not entitled to federal habeas relief.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 31, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 31, 2008.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI